FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG -7 PM 3: 44

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BUILDING CONCEPTS AND DESIGNS CONSTRUCTION, INC. | CIVIL ACTION |
| VERSUS | NO. 06-2777 |
| TRAVELERS PROP. CASUALTY CO. OF AMERICA | SECTION R(2) |

## ORDER AND REASONS

Before the Court is Intervenor Touro Infirmary's ("Touro") motion to strike Plaintiff Building Concepts and Designs Construction, Inc.'s ("BCDC") notice of dismissal. For the following reasons, the Court DENIES the motion to strike.

### I. PROCEDURAL HISTORY

On May 23, 2006, BCDC, a building contractor, sued Travelers Property Casualty Co. of America for insurance proceeds allegedly due BCDC for repairs it performed on St. Charles General Hospital in New Orleans. (R. Doc. 1). On June 21, 2006, Touro, as the purchaser of the hospital and successor-in-interest to the construction contract with BCDC, moved to intervene in the suit. Touro asserted that it was the rightful recipient of the insurance proceeds sought by BCDC. (R. Doc. 7). One June 29,

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

2006, while awaiting a hearing on its motion to intervene, Touro filed an objection to BCDC's attempted entry of dismissal with prejudice of the claims BCDC brought against Travelers. (R. Doc. 8). The following day, Touro moved for a temporary restraining order, preliminary injunction, and permanent injunction against the entry of a dismissal with prejudice. (R. Doc. 12). The motivation behind Touro's motion was an email from BCDC attorney Robert Eddy, in which Eddy represented that BCDC would attempt to execute a release of all of BCDC's claims – and Touro's – with prejudice unless Touro would agree to pay BCDC $750,000. (R. Doc. 12-3, Ex. A). That afternoon, the Court convened a conference to which all parties were invited. (R. Doc. 13). Only Travelers and Touro sent counsel. *Id.* Despite receiving notice, BCDC refused to participate in person or by phone. At the meeting, the Court cautioned the parties that it would not dismiss the claims against Travelers with prejudice until the legal holder of the claims could be established. *Id.*

On July 5, 2006, with the motion to intervene still pending, BCDC filed a Rule 41(a)(1) notice of dismissal. (R. Doc. 18). The dismissal stated that it was without prejudice. *Id.* On July 10, 2006, Touro filed a motion to strike the dismissal. (R. Doc. 19). Travelers and BCDC have opposed the motion to strike.

The Court must now determine whether this action must be dismissed because plaintiff filed a notice of dismissal before

the defendant served its answer or a motion for summary judgment, but after a third party moved to intervene.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(a)(1) provides, in part, that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Touro cites a handful of cases holding that such a dismissal can be held invalid even if the defendant has not filed an answer or a motion for summary judgment. See Butler v. Denton, 150 F.2d 687 (10th Cir. 1945) (holding that an intervention tendered justiciable issues for determination and a voluntary dismissal was improper); Fleet Capital Corp. v. Merco Joint Venture, L.L.C., 2002 WL 31528633 (E.D.N.Y. 2002) (denying a voluntary dismissal when such a dismissal deprived a purported intervenor of the right to a hearing on the intervention, which had previously been postponed in anticipation of a global resolution).

These cases run against the tide of the strong weight of authority. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2363 (2d ed. 1995) (noting that while "a few cases have held that because the merits of the litigation had been reached, dismissal by notice under Rule 41(a)(1) was

3

improper despite the fact that neither an answer nor a motion for summary judgment had been served,[] most cases have refused to do so."). In *Williams v. Ezell*, 531 F.2d 1261 (5th Cir. 1976), for example, the Court of Appeals held that "Rule 41(a)(1) 'means precisely what it says.'" 531 F.2d at 1263 (quoting *Pilot Freight Carriers, Inc. v. Int'l Brotherhood of Teamsters*, 506 F.2d 914 (5th Cir. 1975). The Court specifically "refused to interpret Rule 41(a)(1) to preclude a voluntary dismissal 'whenever the merits of the controversy have been presented to the court in any manner.'" *Williams*, 531 F.2d at 1263 (quoting *Pilot Freight Carriers*, 506 F.2d at 916); see also, e.g., *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) (holding that "[s]o long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk."); *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544 (4th Cir. 1993); *Vanover v. Bohnert*, 11 Fed. Appx. 679 (8th Cir. 2001); *Johnson Chem. Co. v. Home Care Prods., Inc.*, 823 F.2d 28 (2d Cir. 1987); *Universidad Central del Caribe, Inc. v. Liaison Committee on Medical Educ.*, 760 F.2d 14 (1st Cir. 1985); *Winterland Concessions Co. v. Smith*, 706 F.2d 793 (7th Cir. 1983); *D.C. Electronics, Inc. v. Nartron Corp.*, 511 F.2d 294 (6th Cir. 1974); *American Soccer Co., Inc. v. Score First Enterprises*, 187 F.3d 1108 (9th Cir. 1999); *Manze v. State Farm Ins. Co.*, 817

F.2d 1062 (3d Cir. 1987); *Janssen v. Harris*, 321 F.3d 998 (10th Cir. 2003); *Matthews v. Gaither*, 902 F.2d 877 (11th Cir. 1990). A district court has "no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right." Williams, 531 F.2d at 1264. Thus, the task before the Court is merely to determine whether an adverse party filed an answer or a motion for summary judgment before the entry of the notice of dismissal. As the record indicates no motion for summary judgment or answer, the Court is without authority to strike the dismissal.

The Court notes that, contemporaneously with filing its motion to strike the notice of dismissal, Touro filed a separate action in this Court, No. 06-3535, in which it asserted the same claims as it asserted in its intervention. Touro represents in a motion in that case that BCDC has refused service of process. The Court will address that issue in a separate opinion.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Touro's motion be DENIED. The notice of dismissal served to dismiss this case without prejudice.

New Orleans, Louisiana, this 7th day of August, 2006.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE